UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMEL FIELDER,

                            Plaintiff,          **COMPLAINT**

      -against-

                                          **JURY TRIAL DEMANDED**

DETECTIVE FATON ALICKAJ SHIELD #3862
DETECTIVE JOHN CARUSO SHIELD #1593,
both of the 40th Precinct Detective Squad,
the officers are sued in their capacity
as individuals,

                            Defendants.
------------------------------------------------------------------X

Plaintiff Jamel Fielder, by his attorneys, the Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully alleges as follows:

This civil rights action arises from Jamel Fielder having been subjected to a malicious prosecution and a denial of a fair trial through the actions and inactions of the Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiff by the Fourth Amendment and the due process clause of the Fourteenth Amendment to the Constitution of the United States brought pursuant to 42 U.S.C. § 1983.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

4. Venue is appropriate pursuant to 28 U.S.C. §1391 (a) (1) (b) (1&2) because events forming the basis of this Complaint occurred within Bronx County.

## PARTIES

-1-

5. At all times hereinafter mentioned, Plaintiff Jamel Fielder was a resident of New York City, Bronx County and the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, the City of New York (hereinafter, "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department, hereinafter, the "NYPD".

8. Upon information and belief, at all times hereinafter mentioned, Defendants Detective Faton Alickaj Shield #3862 of the 40th Precinct Detective Squad and Detective John Caruso Shield #1593, of the 40th Precinct Detective Squad were acting as NYPD Officers and as state actors acting under color of law, and are sued herein in their capacity as individuals.

## NATURE OF CLAIM

9. On May 26, 2018 at approximately 12:05 AM in front of 300 East 143rd Street, in Bronx County in the City and State of New York, Cheyenne Carter was shot and murdered.

10. The area in which the murder took place was the Patterson Housing Projects operated by the New York City Housing Authority, NYCHA.

11. The lead investigator appointed to handle the case was Defendant Detective Faton Alickaj and his partner during relevant parts of the investigation was Defendant Detective John Caruso.

12. Shortly after the murder Detectives Alickaj and Caruso interviewed an eyewitness.

13. The witness reported to the Defendants that the shooter wore his hair in dreadlocks, was 5'11" and wore a grey shirt.

14. Defendants asked NYCHA to preserve video tapes which could have depicted relevant parts of the incident.

15. However, intentionally and with the desire to frame Mr. Fielder for the murder, the Defendants told NYCHA to only preserve the video recordings of the incident taken from 300 E 143rd Street up through and ending at approximately 10 minutes before the murder took place.

16. Defendants knew that without a request to preserve the relevant videos they would be destroyed shortly thereafter as it is the custom and practice of NYCHA to erase such videos 21 days after they are made.

17. The Defendants gave no such order to preserve the videos regarding the 300 E 143rd Street camera, and intentionally allowed and caused the exculpatory evidence to be destroyed.

18. Defendants after reviewing videos and other information available to them knew clearly that Mr. Fielder did not have dreadlocks, is not 5'11" (he is 5'7") and that he was wearing a red shirt and not a grey shirt that evening.

19. Nevertheless, the Defendants created a fiction that a source had been told by yet another source that Mr. Fielder was the murderer.

20. The alleged original alleged "source", was never disclosed nor was that person, if he or she even exists, called to testify at a trial, at a hearing, nor was the alleged "source" identified on a DD5 as identifying Mr. Fielder.

21. The Defendants generated paperwork which they forwarded to the Bronx District Attorney and said officers communicated further with the DA prior to the grand jury being convened which ultimately resulted in the indictment of Mr. Fielder.

22. Defendant Detective Faton Alickaj, despite having clear evidence that Mr. Fielder was not the murderer, on June 14, 2018 swore under penalty of perjury in a criminal complaint that Mr. Fielder committed several crimes including the murder of Cheyenne Carter.

23. The criminal complaint charged Mr. Fielder with violations of Penal Law § 125.25(1) Murder in the Second Degree; Penal Law § 125.20(1) Manslaughter in the First Degree; Penal Law § 265.03(3) Criminal Possession of a Weapon in the Second Degree; and Penal Law § 265.3(1)(b) Criminal Possession of a Weapon in the Second Degree; all charges the Defendants knew Mr. Fielder did not commit.

24. On June 14, 2018 Mr. Fielder was arrested for the crimes he did not commit.

25. Mr. Fielder, unable to raise bail, languished in jail for almost four years until he stood trial with the jury reaching a verdict of not guilty on March 21, 2022 and he was finally released.

26. Upon information and belief the Defendants despite knowing Mr. Fielder was innocent made his arrest and caused his prosecution in an attempt to get him to provide information about the murder of Cheyenne Carter and other crimes, information he did not have.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
## MALICIOUS PROSECUTION

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

28. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that Plaintiff was unlawfully subjected to a malicious prosecution by the Defendants.

29. The Defendants alone caused a criminal action to be commenced against Mr. Fielder, the case terminated with an acquittal on all counts and the prosecution was initiated with a lack of probable cause and with actual malice.

30. As a result of the Defendants' illegal actions, Mr. Fielder spent close to four years incarcerated, he was denied the opportunity to be with his family, he was pecuniarily harmed, he was denied the right to enjoy the freedoms other citizens enjoy, and he was otherwise harmed.

31. By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than FOUR MILLION ($4,000,000.00) DOLLARS; Plaintiff is entitled to an award of punitive damages; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATION OF THE DUE PROCESS CLAUSE OF
## THE FOURTEENTH AMENDMENT i.e., DENIAL OF
## A FAIR TRIAL DUE TO THE INDIVIDUAL DEFENDANTS'

**FABRICATION OF EVIDENCE;
BY THEIR FAILURE TO PRESERVE EVIDENCE; AND
BY INTENTIONALLY ALLOWING
EXCULPATORY EVIDENCE TO BE DESTROYED**

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

33. Plaintiff's rights have been violated pursuant to the due process clause of the Fourteenth Amendment via the Defendants' fabricating evidence, by failing to preserve evidence; and by intentionally allowing exculpatory evidence to be destroyed.

34. As a result of the Defendants' illegal actions, Mr. Fielder spent close to four years incarcerated, he was denied the opportunity to be with his family, he was pecuniarily harmed, he was denied the right to enjoy the freedoms other citizens enjoy and he was otherwise harmed.

35. By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than FOUR MILLION ($4,000,000.00) DOLLARS; Plaintiff is entitled to an award of punitive damages; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A THIRD CAUSE OF ACTION
VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
VIA THE DEFENDANTS' FAILURE TO INTERVENE**

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37. Plaintiff's rights have been violated via a malicious prosecution and the denial of a fair trial by the Defendants who failed to intervene to prevent each other from committing the constitutional violations committed in their presence.

38. Law enforcement officials have an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in [their] presence by other officers, and by the Defendants in this matter failing to intervene Plaintiff's rights were violated.

39. As a result of the Defendants' illegal actions, Mr. Fielder spent close to four years incarcerated, he was denied the opportunity to be with his family, he was pecuniarily harmed, he was denied the right to enjoy the freedoms other citizens enjoy and he was otherwise harmed.

40. By reason of the aforesaid, the Plaintiff has been damaged in an a sum of not less than FOUR MILLION ($4,000,000.00) DOLLARS; Plaintiff is entitled to an award of punitive damages; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them, as follows:

1. Declaratory relief finding that Plaintiff's rights under the United States Constitution were violated;

2. Compensatory damages to Plaintiff in an amount to be determined at trial in the sum of not less than FOUR MILLION ($4,000,000.00) DOLLARS;

3. By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual Defendants in an amount to be determined by the trier of fact;

4. An award to Plaintiff of the costs and disbursements herein;

5. An award of attorneys' fees under 42 U.S.C. §1988; and

6. A trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       October 21, 2022

                                    /s/
                            FRED LICHTMACHER FL-5341
                            The Law Office of Fred Lichtmacher P.C.
                            Attorney for Plaintiff
                            Jamel Fielder
                            116 West 23rd Street Suite 500
                            New York, New York 10011
                            (212) 922-9066
                            empirestatt@aol.com

To:    DETECTIVE FATON ALICKAJ SHIELD #3862
          40th Precinct Detective Squad
          257 Alexander Ave
          Bronx, NY 10454

To:    DETECTIVE JOHN CARUSO SHIELD #1593
          40th Precinct Detective Squad
          257 Alexander Ave
          Bronx, NY 10454